

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,428-01

### EX PARTE ANNE ELIZABETH MURPHY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1103474-A IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The First Court of Appeals affirmed her conviction. *Murphy v. State*, 01-07-00174-CR (Tex. App. — Houston [1ˢᵗ Dist.] April 10, 2008) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant filed her *pro se* application in the trial court on March 29, 2010. On May 11, 2010, the trial court entered an order designating issues. It does not appear that the order designating issues was timely entered, but the trial court designated the issues of whether Applicant received ineffective assistance of trial counsel and whether Applicant's other claims were cognizable, for further

resolution. The trial court apparently also appointed attorney Cynthia Russell Henley to represent Applicant in this habeas matter. Based on correspondence in the record from Applicant to the trial court during the years after application was filed, it appears that Attorney Henley did not communicate with Applicant and did not file anything on her behalf before the *pro se* application was eventually forwarded to this Court more than ten years later. This Court received the application and the habeas record, which did not include any findings of fact or conclusions of law from the trial court, on March 10, 2021.

On April 27, 2021, this Court received a motion filed by appointed habeas attorney Henley, in which Henley ask that this Court remand the habeas application to the trial court and appoint a new attorney to represent Applicant, as Henley has apparently accepted a position as a hearing officer and can no longer represent Applicant in this matter. On April 29, 2021, this Court received a *pro se* motion in which Applicant asks this Court to stay the proceedings so that Applicant can prepare a motion to dismiss the application without prejudice, so that she may file an amended application. However, Applicant states that she is incapable of filing an amended application without the assistance of habeas counsel.

The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall supplement the habeas record with a copy of the order appointing attorney Henley to represent Applicant in this matter, and any other documents showing whether

attorney Henley took any action in this matter or attempted to withdraw from the representation. The trial court shall determine whether Applicant wishes to withdraw her *pro se* application, whether or not she is appointed a new habeas attorney. If the trial court determines that Applicant does not want to withdraw the application, the trial court shall make findings of fact and conclusions of law as to the claims raised in that application. If the trial court determines that Applicant does want to withdraw the application, the trial court shall make findings of fact and conclusions of law as to whether Applicant should be permitted to do so.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 12, 2021
Do not publish